LUDDEN & BATES v. SUMTER.

ATTORNEY AND CLIENT—EVIDENCE.—An attorney at law has no power to release a lien upon property held by his client, without express authority so to do from his client; and in action for claim and delivery, where defense was payment by acceptance by attorney of another security in substitution of one sued on, it was error in Circuit Judge to refuse to allow plaintiff to ask the attorney accepting the security: "Were you authorized by your client to accept any other security in substitution or payment of the piano note?"

Before TOWNSEND, J., Sumter, October, 1894. Reversed.

Action by Ludden & Bates against C. W. Sumter, for possession of a piano. The facts are fully stated in the opinion. Judgment for defendant. Plaintiff appeals.

*Messrs. Haynsworths & Cooper*, for appellant.

*Messrs. Purdy & Reynolds*, contra.

Sept. 19, 1895. The opinion of the Court was delivered by MR. JUSTICE POPE. The plaintiff's action for claim and

delivery of a piano was tried at the October, 1894, term of the Court of Common Pleas for Sumter County, in this State, before his Honor, Judge Townsend, and a jury. The verdict was for the defendant, and after entry of judgment thereon, an appeal was taken to this Court on the single ground: That his Honor, the Circuit Judge, erred in ruling out and holding the question incompetent propounded to plaintiff's witness, to wit: "Were you authorized by your client to accept any other security in substitution or in payment of the piano note?"

To understand the vitality of the question, here under review, to the plaintiff's case, a statement of facts will be necessary. The plaintiff, Ludden & Bates Southern Music House, sold to the defendant, Mrs. Catherine W. Sumter, a certain piano on the 28th day of May, 1890, at the price of $300—a very large part of the purchase price being on a credit, which was secured by a mortgage. Payments were made from time to time on this indebtedness, but on the 21st day of June, 1892, there was still due as principal and interest the sum of $177.65. The plaintiff, a month or two before this last named date, had sent this claim to Messrs. Lee & Moise, of Sumter, S. C., for collection. Finding that payment in money was not in the power of Mrs. Sumter, and inasmuch as Mrs. Sumter was about that time proposing to give a second mortgage on a tract of land containing 301 acres to some other creditors, Major Moise suggested that the claim of the present plaintiff be secured by that same mortgage. After some delay, this was done—to wit: on the 21st June, 1892. The note which represented the claim of the present plaintiff against Mrs. Sumter for $177.65 was made payable to Lee & Moise, attorneys, and the mortgage was executed to Richard D. Lee as trustee. After maturity of these notes, this mortgage was foreclosed; but alas! the proceeds of sale only paid about one-half of the prior or first mortgage. Some confusion occurred as to the meaning or purpose of Mrs. Sumter, the mortgagor, and Lee & Moise, the equitable mortgagees, in executing and accepting such

mortgage. She claimed that it was in substitution and satisfaction of the mortgage held by plaintiff on the piano, while Lee & Moise contended that it was only as additional security to the chattel mortgage of the piano. It was while Major Moise was on the witness stand testifying as to all these matters, that the question was propounded by plaintiff: Were you or your firm of attorneys authorized by Ludden & Bates Southern Music House to accept any other security in substitution or in payment of the piano note? It seems to us that this touches the vital question. Clearly an attorney at law, to whom a claim is sent for collection, has no power to release a lien upon property held by his principal without express authority from his principal. The case of *Mayer* v. *Blease*, 4 S. C., 14, is directly in point. Here a most excellent gentleman, as attorney at law, having obtained a judgment for his client which was duly entered, and constituted a first lien upon property, assumed the responsibility of accepting one-half the debt in cash, and actually entered satisfaction of the judgment. When Mayer, the principal, heard of it, he disavowed the act of his attorney, and the Supreme Court held the action of the attorney null and void. Now, if the attorney had been authorized by his principal to accept one-half in payment of the debt, and enter a discharge or satisfaction of the judgment, the principal would have been bound by such discharge and satisfaction. Generally it is no part of the attorney's business, in attending to the business of his client, to alter or change by substitution or satisfaction *any liens held by his client, unless he is authorized to do so.* And other people deal with such attorneys at their peril when they have such attorneys to change or substitute one security for another. A claim is sent to an attorney for collection. He must collect it dollar for dollar before he enters any satisfaction of such debt or before he satisfies any security therefor. Within the scope of his agency he has great power. Beyond it he has none. We do not feel called upon to say a word more

in regard to this delicate matter—especially as it must be carried again to the Circuit Court for trial.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case be remanded to that Court for a new trial.